# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROUNCHE S. GREEN, | CASE NO. 1:12-cv-00679-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CONNIE GIBSON, et al., | (Doc. 12) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |
| _____/ | |

**Second Screening Order Dismissing Action**

I.  **Screening Requirement and Standard**

Plaintiff Brounche S. Green, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2012. On November 8, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims under section 1983. Plaintiff filed an amended complaint on December 17, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader
2 is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4 do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic
5 Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
6 indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
7 (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
8 conclusions are not.  *Iqbal*, 556 U.S. at 678.

9  Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
10 resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,
11 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
12 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
13 named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks
14 omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that
15 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
16 satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572
17 F.3d at 969.

**II.    Discussion**

 **A.    Allegations**

20  Plaintiff, who is currently incarcerated at Correctional Training Facility in Soledad, brings
21 this action against Warden Connie Gibson; Captains Diaz, Variz, Rangel, and Gonzales;
22 Correctional Counselors Oliveira, Gritchlow, Bugarin, Chavez, Smith, Belmap, Bugni, and Cribbs;
23 Classification Services Representative D. A. White; R. Broomfield; J. Paison; and A. Maxfield.
24 Plaintiff's claims arise from his assignment to a Level IV yard at California State Prison-Corcoran
25 despite his Level II classification score and the failure of prison officials to transfer him to a Level
26 II prison. During the events in question, Plaintiff was placed on CTQ (confined to quarters) status,
27 and an administrative bed move to the emergency outpatient housing unit was approved without
28 authorization of mental health staff.  (Amend. Comp., 7:25-27, 8:1-5, 9:4-10.)

Plaintiff's amended complaint is much less detailed than his original complaint. In order to clarify the context in which Plaintiff's claims in his amended complaint arise, the following facts are reproduced from the first screening order:

> In March 2011, Facility 3B at CSP-Corcoran converted from a Level III yard to a Level IV yard, necessitating the rehousing of Level III inmates. (Comp., court record pp. 3, 4, 19, 20.) All cases were required to be scheduled for classification committee prior to referral to classification services representatives (CSR) for endorsement, and inmates who were scheduled or projected for Board of Parole Hearings (BPH) reviews within six months of CSR review were not eligible for transfer.
>
> Plaintiff, who was a Level III inmate, had a BPH review scheduled for June 3, 2011, although the review did not occur until September 6, 2011.
>
> On June 25, 2011, and on August 1, 2011, Plaintiff filed inmate appeals regarding his placement. On August 31, 2011, Plaintiff appeared for his annual review and he was classified as a Level II inmate at that time. On September 15, 2011, Plaintiff appeared before the unit classification committee (UCC), and he was told he would be "special transferred" immediately. (Comp., p. 4.) On October 4, 2011, Plaintiff alleges that he was placed on "confined to quarters" (CTQ) status to "shut up" his appeals attempts. (*Id.*) On October 21, 2011, Plaintiff again appeared before the UCC due to an error at the prior hearing, and he complained about his CTQ status. Defendant Rangel said the housing procedures were all messed up and it was out of her hands.
>
> In November 2011, Plaintiff was moved into a Level IV Enhanced Outpatient (EOP) unit for mentally ill prisoners. Plaintiff spoke with a correctional counselor, who told him that she would talk to Defendants Gritchlow, Bargarin, and Diaz because Plaintiff's housing was "illegal," but because she was assigned only to help EOP inmates, that was all she could do for him. Plaintiff filled out a request for interview form and gave it to Sergeant Mendes, who said he would talk to Defendant Rangel.
>
> In December 2011, Plaintiff was moved from the EOP unit to a yard which housed Level I inmates who were excluded from Level I minimum security facility placement due to disciplinary issues. Plaintiff talked to Defendant Belmap, who said Plaintiff was being placed on orientation status as a new arrival and he was considered a Level I inmate. Plaintiff showed Defendant documentation which showed otherwise, and Defendant said someone had messed up and passed his file on to avoid trouble.
>
> On December 31, 2011, Plaintiff sent Defendant Variz a written request form seeking relief and complaining about lack of law library access, exercise, and other program opportunities.
>
> Plaintiff spoke with Defendant Belmap again on January 8, 2012, and Defendant passed the issue to Defendant Smith, who spoke with Plaintiff on various occasions but failed to validate Plaintiff's concerns.
>
> On February 9, 2012, a UCC hearing was held with Plaintiff in absentia, and he was cleared for night yard. Plaintiff alleges, however, that a night yard was never run in a Level IV housing unit.

3

>Supported by the foregoing, Plaintiff is challenging his classification and housing assignments, and he alleges that he was denied exercise, adequate hygiene, law library access, and other program opportunities. Plaintiff further alleges that he was improperly denied a transfer to a Level II facility and he was improperly endorsed for transfer to an institution only eighty-five miles from Nevada.

(Doc. 9, 1st Screening Order, 2:23-4:7.)

As previously stated, in his amended complaint, Plaintiff challenges his placement on a Level IV yard and prison officials' failure to transfer him to a Level II prison. Plaintiff alleges that his rights under the Eighth Amendment and the Fourteenth Amendment were violated, and he alleges that prison officials failed to transfer him in retaliation for the citizen complaints he filed, in violation of the First Amendment.

### B. Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To maintain an Eighth Amendment claim based on conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Neither Plaintiff's classification nor his housing assignment gives rise to a claim for violation of the Eighth Amendment. *Farmer*, 511 U.S. at 847; *Hudson*, 503 U.S. at 9; *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007). Plaintiff has not shown that prison officials were deliberately

///

indifferent to a substantial risk of harm to his safety, and the mere fact that Plaintiff was housed with higher custody-level inmates does not suffice to support a claim.

### C. Due Process Claim

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron*, 476 F.3d at 718.

As Plaintiff was previously informed, he does not have a freestanding constitutional right to a particular classification level or to be housed in a particular prison, *see Olim v. Wakinekona*, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983) (no justifiable expectation of incarceration in a particular state); *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976) (no justifiable expectation of incarceration in a particular prison within a state), and Plaintiff has not demonstrated the existence of a state-created liberty interest in either, *Wilkinson*, 545 U.S. at 222-23; *Myron*, 476 F.3d at 718. In the absence of a protected liberty interest, Plaintiff's claim that he was denied due process fails. *Wilkinson*, 545 U.S. at 221.

### D. Retaliation Claim

Plaintiff alleges that he suffered punitive reprisals for filing citizen complaints and complaining about his illegal confinement, and that the failure to transfer him was due to the fact he filed citizen complaints. However, Plaintiff's amended complaint fails to set any facts supporting a claim that adverse action was taken against him because of his engagement in conduct protected

1 under the First Amendment. *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Although Plaintiff has a protected right to file prison grievances, his bare assertion of retaliatory motive does not suffice to support a plausible claim. *Watison*, 668 F.3d at 1114; *Brodheim*, 584 F.3d at 1269.

### E. Equal Protection Claim

Finally, Plaintiff alleges that he was denied equal protection under the law. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030-31 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must allege facts showing that Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123 (quotation marks and citations omitted); *accord Furnace*, 705 F.3d at 1030-31.

Plaintiff's amended complaint is devoid of any facts which suggest Defendants intentionally discriminated against him by treating him differently than other similarly situated inmates and he fails to state a claim. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030-31. Plaintiff was previously warned that he must allege facts to support his claims and that conclusory assertions of wrongdoing will not suffice. Despite this admonition, Plaintiff baldly asserts that his right to equal protection was violated, without setting forth any supporting facts.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies in his claims and given leave to amend, and based on the deficiencies at issue in his amended complaint, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

1     Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure
2 to state a claim under section 1983 and this dismissal is subject to the "three-strikes" provision set
3 forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

5 IT IS SO ORDERED.

6 **Dated:**    **April 1, 2013**                         /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE